```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND

SIGNATURE HOMES, LLC, et al.  *

        Plaintiffs            *

            vs.               *   CIVIL ACTION NO. MJG-07-1908

BRANDON P. REECE, et al.      *

        Defendants            *

*       *       *       *       *       *       *       *       *
```

## MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Dismiss [Document 20] and the materials submitted relating thereto. The Court has held a hearing and has had the benefit of the arguments of counsel.

### I.   BACKGROUND

Starting in about 2004, Kevin Bell ("Bell") and Defendant Brandon Reece ("Reece") engaged in the development of property in Allegany County, Maryland, through various entities in which they were equal interest partners, including Signature Homes, LLC. Basically, Bell was to provide financial and accounting services and Reece was to provide construction services. Reece served as the managing member of Signature Homes, controlling its daily operations until he resigned in November 2006.

Plaintiffs Signature Homes and BG Realty, LLC, brought this action against Reece and others alleging that Defendants committed various actionable torts under state law and asserting claims under the Racketeering Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.

Defendants seek, by the instant Motion, to obtain dismissal on the merits of the RICO claims and dismissal of the state law claims for lack of federal jurisdiction.

## II. LEGAL STANDARD

Defendants seek dismissal for failure to state a RICO claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). To avoid dismissal pursuant to Rule 12(b)(6), Plaintiffs' "[f]actual allegations [need only] be enough to raise a right to relief above the speculative level," thereby nudging the claim "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1974 (2007). Accordingly, the question now presented is whether the Complaint alleges sufficient facts to state a RICO claim to relief that is at least plausible on its face. Id.

## III. DISCUSSION

### A. Statutory Framework

The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., was enacted in 1970 with the goal of eliminating the infiltration of organized crime into legitimate organizations. Bernard v. Hoff, 727 F. Supp. 211, 214 (1989).

Section 1962(b) provides:

> It shall be unlawful for any person through a

2

>     pattern of racketeering activity . . . to
>     acquire or maintain . . . any interest in or
>     control of any enterprise.

Section 1962(c) provides:

>     It shall be unlawful for any person employed
>     by or associated with any enterprise . . . to
>     conduct or participate . . . in the conduct
>     of such enterprise's affairs through a
>     pattern of racketeering activity.

Thus, in subsection (b), the RICO enterprise is an <u>object or goal</u> of racketeering activity, while in subsection (c) the RICO enterprise is a <u>tool</u> used to carry out racketeering activity.

Section 1962(d) prohibits a conspiracy to violate §1962(b) or (c).


### B.  THE RICO ALLEGATIONS

Plaintiffs allege that Defendants violated § 1962(b), (c), and (d).  <u>See</u> Compl. ¶ 232-33, 236.

To establish a RICO claim, Plaintiffs must prove:

>    1.  The existence of an enterprise which affects interstate commerce,
>
>    2.  The defendants' employment by or association with the enterprise,
>
>    3.  The defendants' participation in the conduct of the enterprise's affairs, and
>
>    4.  That such participation was through a pattern of racketeering activity.

<u>See</u> <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 496 (1985).

Defendants contend that Plaintiffs have failed to allege facts sufficient to establish an effect on interstate commerce (first element) and a pattern of racketeering activity (fourth

3

element).

    1.   Interstate Commerce

Under 18 U.S.C. § 1961(1)(B), the term "racketeering activity" includes the use of the mail or interstate wires in connection "with a scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises." See also 18 U.S.C. §§ 1341 and 1343. To establish a violation under §§ 1341 or 1343, Plaintiff need only show 1) a scheme to defraud, and 2) use of the mail or interstate wires for the purpose of executing the scheme. See Schmuck v. United States, 489 U.S. 705 (1989).

To be considered "part of the execution" of a §§ 1341 or 1343 offense, the use of the mail or wires need not constitute an essential element of the scheme. It is sufficient for the mailing to be "incident[al] to an essential part of the scheme." Id. at 710-11 (1989) (citations omitted); United States v. Photogrammetric Data Servs., Inc., 259 F.3d 229, 253 (4th Cir. 2001). As the Fourth Circuit observed in Morley v. Cohen, "the key is whether the communication occurred 'for the purpose of executing the scheme.'" 888 F.2d 1006, 1009-10 (4th Cir. 1989).

In the instant case, Plaintiffs allege violations of §§ 1341 and 1343 by Defendants involving the use of mail and interstate wires for the transmission of fraudulent invoices and other financial information, as well as construction status

4

information, for the purposes of carrying out Defendants' fraud schemes. Thus, Plaintiffs allege the use of mail and interstate wires incidental to, or part of, the purpose behind a scheme to defraud. Plaintiffs have therefore alleged facts sufficient to make it plausible that they could prove an effect on interstate commerce sufficient to avoid dismissal.

### 2. Pattern of Racketeering Activity

Under RICO, "racketeering activity" includes any "act indictable under various federal statutes, such as mail and wire fraud." 18 U.S.C. § 1961(1). To constitute a "pattern" of racketeering activity, two or more of these acts must occur within ten-years of each other. Id. § 1961(5); see also Eplus, 313 F.3d at 181. But see Sedima, 473 U.S. at 496 n.14 ("While at least two acts of racketeering activity are necessary, they may be insufficient to meet the pattern requirement.").

It is a prerequisite to a RICO claim that a "pattern of racketeering activity" be pled sufficiently. As the Fourth Circuit explained, the "pattern of racketeering activity" requirement . . .

> . . . ensure[s] that RICO's extraordinary remedy does not threaten the ordinary run of commercial transactions; that treble damage suits are not brought against isolated offenders for their harassment and settlement value; and that the multiple state and federal laws bearing on transactions . . . are not eclipsed or preempted.

Menasco, Inc. v. Wasserman, 886 F.2d 681, 683 (4th Cir. 1989).

5

In order to sufficiently plead its RICO claim, Plaintiffs must allege facts making it plausible that they could prove that Defendants' racketeering predicates constitute a "pattern."

To determine a pattern, the Supreme Court has articulated a two-prong "continuity plus relationship" test. Id. Under the test, a pattern of racketeering exists where the predicate acts are (1) related and (2) amount to or pose a threat of continued criminal activity. H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989).

There is no doubt that Plaintiffs have alleged related acts of racketeering activity. Thus, the question presented is whether Plaintiffs have sufficiently pled that the alleged racketeering activity was continuing. To satisfy the continuity element, a Complaint must allege conduct that (1) occurred over an extended period of time, or (2) amounts to or poses a threat of continuing harm. H.J. Inc., 492 U.S. at 242.

The Complaint includes allegations of more than a dozen instances of fraudulent conduct by Defendants. See Pl.'s Opp. to Mot. to Dis., at 22. Plaintiffs allege that Defendants routinely used Signature Homes as a conduit to fraudulently obtain credit and materials and thereby victimize the institutions issuing such credits and materials.

In GE Inv. Private Placement Partners II v. Parker, the Fourth Circuit observed that a series of predicate acts against a single victim for two-years did not rise to the level of "racketeering activity" prescribed by RICO. 247 F.3d 543, 551

6

(4th Cir. 2001).  However, unlike the G.E. Inv. case, the instant case presents allegations of racketeering activity involving multiple victims over a period of twenty-one to twenty-five months.  Resp. to Pl.'s Opp. To Dis., at 7.  At the dismissal stage, the Court cannot say that it is implausible that the evidence could establish a pattern of racketeering activity.

Moreover, Plaintiffs made allegations that present a plausible claim that Defendants continue to engage in racketeering activity vis-a-vis Plaintiffs.  Plaintiffs allege that, since November 2006, Defendants have wrongfully retained over $1.5 million in Signature Homes' property, see Resp. to Pl.'s Opp. to Dis., at 3, and continue to fraudulently transfer Signature Homes' equipment and wrongfully divert Signature Homes' customers to other companies.  Compl. ¶ 172.

III. CONCLUSION

For the foregoing reasons:

1. Defendants' Motion to Dismiss [Document 20] is DENIED.

2. On or before December 10, 2007, the parties shall provide their agreement or respective positions as to the dates:

   a. By which all discovery shall be completed; and

   b. By which parties shall identify expert witnesses on issues as to which they have the burden of proof.

SO ORDERED, on Thursday, November 29, 2007.

/ s /
Marvin J. Garbis
United States District Judge

7