IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **SIGNATURE HOMES, LLC, et. al.** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | |
| **BRANDON P. REECE, et. al.,** | * | **CASE NO. 07-CV-1908** |
| **Defendants.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, Leslie Walker (individually and trading as Walker and Son)(hereinafter the "Defendant"), by his undersigned counsel, hereby submits his Memorandum in Support of his Motion for Summary Judgment and states as follows:

I.   History of Mechanics Lien Action.

On February 20, 2007, Defendant filed a lawsuit in the Allegany County Circuit Court (the "Mechanics Lien Action") against Frostburg Associates, LLC ("Frostburg Associates") claiming that he was owed over Fourteen Thousand Dollars ($14,000.00) for construction related services at a development known as Prichard Farms (the "Prichard Farm Development"), which was owned by Frostburg Associates. A copy of the Complaint is attached hereto as **Exhibit A**.

Frostburg Associates, by and through its managing member, BG Realty, LLC ("BG Realty") filed an answer (the "Answer") in the Mechanics Lien Action and claimed in the answer, and at various hearings on the Mechanics Lien Action, that Defendant was

not entitled to payment because (a) his work was done improperly, (b) he was paid for services rendered by others, and (c) Defendant engaged in fraudulent conduct at the Prichard Farms Development, a residential development located on Decatur Street in Cumberland, Maryland ("Decatur Street Development") and a residential development located at the Cumberland Country Club ("Country Club Development"). A copy of the Answer is attached hereto as **Exhibit B**. At all relevant times herein, BG Realty was the managing member of Signature Homes, LLC and Frostburg Associates.

At a hearing on the Mechanics Lien Action, Kevin V. Bell ("Bell"), as managing member of BG Realty made the exact allegations against the Defendant which have been advanced in the instant case. More specifically, Bell submitted as an exhibit at the hearing on the Mechanics Lien Action a spreadsheet detailing all of the payments allegedly made to Defendant, which totaled $433,402.63. Nor surprisingly, this amount is identical to the amount claimed in the instant case as will be further detailed herein. A copy of the exhibit submitted into evidence at the Mechanics Lien Action is attached hereto as **Exhibit C**. At the conclusion of the hearing, the Court entered an interlocutory order in favor of Defendant in the amount of $14,000, which was the amount still due and owing Defendant by Frostburg Associates. A copy of the Interlocutory Order is attached hereto as **Exhibit D.** Upon entry of the Interlocutory Order, Frostburg Associates paid $14,000 to the Court's registry as a bond for the Interlocutory Order.

Despite its vehement claims that Defendant committed various acts of fraud, on November 2, 2007, Frostburg Associates consented to judgment in the amount of Fourteen Thousand Dollars ($14,000.00)(the "Consent Judgment"). A copy of the

Consent Judgment is attached hereto as **Exhibit E**. Subsequently, the amount held by the Court was paid to the Defendant.

II.     Instant Case.

On July 18, 2007, prior to entering into the Consent Judgment in the Mechanics Lien Action, BG Realty instituted the instant action as a derivative use Plaintiff on behalf of Signature Homes claiming the exact same alleged malfeasance by the Defendant which it had unsuccessfully advanced as a defense in the Mechanics Lien Action. Specifically, ¶¶164-165 of the Complaint allege that Signature Homes made payments to Defendant in the cumulative amount of $433,403, which Plaintiffs contend was without invoice backup or proper explanation. These are the exact allegations propounded at the hearing on the Mechanics Lien Action, which Bell supported by producing as an exhibit at the hearing the attached Exhibit C.

As it now appears clear in light of the Consent Judgment, the inclusion of Defendant in the instant case was done with the sole intent of harassing Defendant. Unfortunately for the Plaintiffs, by stipulating to the Consent Judgment and paying Defendant the full amount claimed in the Mechanics Lien Action, Frostburg Associates, and by extension it's managing member, BG Realty, the Plaintiff herein, are collaterally estopped and precluded from re-litigating the issues raised in the previous case.

III.    Analysis.

In evaluating the preclusive effect of a state court judgment, this Court must determine what the state courts would do if confronted with an identical situation. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 361 (4th Cir. 1985). In Maryland, res judicata, or claim preclusion, provides that a judgment between the same parties **and**

**their privies** bars another suit upon the same cause of action, and is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit. *Wool v. MNCPPC*, 664 F. Supp. 222, 228-29 (D. Md. 1987); *Alvey v. Alvey*, 225 Md. 386, 390, 171 A.2d 92, 94 (1961). Issue preclusion applies in a second suit, even though the cause of action is different, to any determination of an issue which was litigated in the first case. *Harding v. Ramsay, Scarlett & Co., Inc.*, 599 F.Supp. 180, 183 (D. Md. 1984).

Three requirements must be met for claim preclusion to apply: there must be a final judgment on the merits in the prior suit, the claim must be substantially the same, and the parties must be the same or in privity. *Mears v. Town of Oxford, Md.*, 762 F.2d 368, 372 (4th Cir. 1985), (citing *Alvey*, 225 Md. at 390, 171 A.2d at 94). Beyond question, all three criteria are satisfied in the instant case. As detailed above, a final judgment was entered (the Consent Judgment) and the claims are identical as evidenced by Exhibit C, which was introduced into evidence at the hearing on the Mechanics Lien Action. With respect to privity, privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right. See *FWB Bank v. Richman*, 354 Md. 472, 731 A.2d 916 (1999)(*quoting In re Matter of Wilcher*, 56 B.R. 428, 438 (Bkrtcy.N.D.Ill.1985)). The defendant in the Mechanics Lien Action, Frostburg Associates, is controlled by BG Realty, the Plaintiff in the instant case. According to Maryland caselaw, BG Realty is clearly identified with the same legal rights and therefore is barred from reasserting the same claims previously adjudicated. See *Tunnell/Hester Joint Venture v. Tunnell Electric Const. Co., Inc.*, 240 F.Supp 2d 410(D.Md. 2002)(holding that under Maryland law where one partner of joint venture

had previously filed action against defendant partner alleging wrongful taking, res judicata barred subsequent suit against individual aligned with defendant partner who had not been a party to the first suit); *Whitehead v. Viacom*, 233 F. Supp.2d 715 (D.Md. 2002)( holding that parent corporation of wholly owned subsidiary was in privity with subsidiary for purposes of res judicata). Additionally, in the absence of BG Realty being the Managing Member of Frostburg Associates, privity may also be established in the instant case as Signature Homes was the general contractor on all three developments.

Alternatively, collateral estoppel also applies in the instant case to preclude the Defendant's inclusion in the instant case. In Maryland, one who was a party to an action may assert the results of a prior adjudication against all those who are bound by that decision. *Beall v. Kearney & Trecker Corp.,* 350 F. Supp. 978, 981 (D. Md. 1972). *See also Pat Perusse Realty Co. v. Lingo*, 249 Md. 33, 238 A.2d 100 (1968). Otherwise, litigants risk being exposed to inconsistent rulings on the same underlying issue paralyzing the civil process.

To the extent BG Realty attempts to justify its claims by instituting this cause of action on behalf of Signature Homes, whereas in the previous action Frostburg Associates was the named party, the law is clear that estoppel must still apply. For the purpose of making a prior judgment conclusive, it is not essential that the parties be actually identical in both cases, provided a party in one suit is in privity with the corresponding party in the other suit. *Western Maryland Ry v. U.S.,* 23 F.Supp. 554, D.Md. (1938).

The doctrine of nonmutual collateral estoppel was been discussed at length by the Court of Appeals in two cases *Welsh v. Gerber Products, Inc.,* 315 Md. 510, 555 A.2d

486 (1989). Nonmutual collateral estoppel can be invoked either offensively or defensively. Welsh, 315 Md. at 517-18 n.6, 555 A.2d 486. It is used defensively when a defendant seeks to prevent a plaintiff from relitigating an issue which was previously litigated in another action against a different party. *Id.*

In the instant case, the Defendant contracted with Signature Homes to provide services at the Prichard Farms Development, Decatur Street Development and the Country Club Development. Signature Homes was the general contractor for the Prichard Farm Development, the Decatur Street Development and the Country Club Development. BG Realty is the Managing Member of Frostburg Associates, Signature Homes and the ownership entities of the Decatur Street Development, and the Country Club Development. Since Signature Homes was insolvent at the time Defendant sought payment, Defendant availed himself of the Maryland mechanics lien laws and filed suit against Frostburg Associates. Despite its claims that the Defendant committed fraud and billed large sums of money without invoice or proper backup, BG Realty consented to judgment in the Mechanics Lien Action, paid the Defendant the remainder of the money owed him and yet instituted and continued to prosecute the instant case.

If Plaintiff is not barred from alleging that Defendant committed fraud by overbilling on various developments in Allegany County, the law would sanction indirectly what it plainly does not permit to be done directly.[1] "Estoppel by judgment and the prohibition against collateral attack would quickly become empty and meaningless terms, and those bedrock concepts in the law that they are designed to

---

[1] In the Mechanics Lien Action, Frostburg Associates (and by extension BG Realty and Bell) denied the Defendant was due any money as a result of alleged fraud (¶115), setoff(¶109) and recoupment(¶109) in connection with the Prichard Farms Development, the Country Club Development, and the Decatur Street Development.

protect—indeed whose protection is their sole raison d'être would soon crumble." *Klein*

*v. Whitehead*, 40 Md. App. 1, 23, 389 A.2d 374, 387, *cert. denied,* 283 Md. 734 (1978).

IV.    Conclusion.

Accordingly, Defendant is bound by its judicial admissions and the judgments

based upon said admissions and accordingly summary judgment should be granted.

Respectfully submitted,


/S/Douglas S. Walker

Douglas S. Walker (Fed Bar Id. 27024)
Miles & Stockbridge P.C.
101 Bay Street
Easton, Maryland 21601
(410) 820-0264

Jason C. Buckel (Fed. Bar No. 24766)
Buckel & Levasseur
206 Washington Street
Cumberland, Maryland 21502
(301)759-3700

**Attorneys for Defendant, Leslie Walker
(individually and t/a Walker & Son)**