```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

SIGNATURE HOMES, LLC, et al.    *

       Plaintiffs        *

        vs.                  *    CIVIL ACTION NO. MJG-07-1908

BRANDON P. REECE, et al.        *

       Defendants        *

\*    \*    \*    \*    \*    \*    \*    \*    \*

<u>MEMORANDUM AND ORDER RE: COUNTERCLAIM DISMISSAL</u>

The Court has before it Plaintiffs' and Counter-Defendants' Motion to Dismiss Counterclaim [Document 55] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel. The following is presented to supplement the statements of reasons set forth on the record of the hearing on the instant motion.

I.  <u>BACKGROUND</u>

Starting in about 2004, Kevin Bell ("Bell") and Defendant Brandon Reece ("Reece") engaged in the development of property in Allegany County, Maryland, through various entities in which they were equal interest partners, including Signature Homes, LLC. Basically, Bell was to provide financial and accounting services and Reece was to provide construction services. Reece served as the managing member of Signature Homes, controlling its daily operations until he resigned in November 2006.

Plaintiffs Signature Homes and BG Realty, LLC, brought this action against Reece and others alleging that Defendants committed various actionable torts under state law and asserting

claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.

By Memorandum And Order issued November 29, 2007 [Document 29], the Court denied Defendants' motion seeking dismissal of the Complaint.[1]  Defendants, thereafter, filed a Counterclaim that is, in large part, a mirror image of the Complaint, presenting RICO, fraud and various other claims in eleven Counts. Plaintiffs seek, by the instant motion to obtain dismissal of all claims in the Counterclaim.

## II.  DISMISSAL STANDARD

Plaintiffs seek dismissal of the Counterclaim pursuant to Federal Rule 12(b)(6) for failure to state a claim.  To avoid dismissal pursuant to Rule 12(b)(6), a Plaintiff's "[f]actual allegations [need only] be enough to raise a right to relief above the speculative level," thereby nudging the claim "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1974 (2007).  Dismissal under Rule 12(b)(6) should be granted if the Complaint does not allege enough facts to state a claim of relief that is plausible on its face.  Id.

## III. DISCUSSION

---

[1] Defendants sought dismissal with prejudice of the RICO claim as inadequately pleaded and for dismissal without prejudice of the remaining (state law) claims for lack of jurisdiction.

2

### A.   Count I - RICO

As discussed at the hearing, the Defendant's RICO allegations may be somewhat less "perfect" than those presented by Plaintiff in the Complaint.  However, as with the RICO claim in the Complaint, it will be more sound to determine sufficiency in light of the actual evidence rather than on the basis of allegations.  Moreover, discovery would be the same with or without RICO claim.  Furthermore, as to the Counterclaim, the Court would have jurisdiction over the state law claims even if Defendants did not have a viable RICO (federal law) counterclaim.

Accordingly, Count I shall not be dismissed.

### B.   Count II - Fraud

Plaintiffs contend that Defendants have failed to plead fraud with the requisite particularity.

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed.R.Civ.Pro. 9(b).  The word "circumstances" has been interpreted to refer to "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what was obtained thereby." Windsor Assoc., Inc. v. Greenfeld, 564 F. Supp. 273, 280 (D. Md. 1983) (citations and internal quotations omitted).

Defendants have pleaded, with particularity, at least some of the alleged actions upon which the fraud claim is based.  For

example, the Counterclaim sets forth in adequate detail the alleged double pledging of collateral fraudulent scheme. Counterclaim ¶¶ 113 - 127.

Count II shall not be dismissed.

### C. Count III - Constructive Fraud

As discussed at the hearing, the asserted "constructive fraud" claim is included in the fraud claim in Count II.

Count III shall be dismissed without prejudice to the ability of Defendants to assert "constructive fraud" theories in support of the fraud claim in Count II.

### D. Count IV - Fiduciary Duty - Contract/Negligence

As discussed at the hearing, Count IV is not construed to present a free-standing claim for breach of fiduciary duty. Rather, the Count presents a claim based upon the legal theory that by virtue of contractual obligations, there were duties owed and certain Plaintiffs failed to comply with their duties.  These duties included fiduciary obligations and/or the obligation not to perform certain actions negligently.

Accordingly, Count IV shall not be dismissed.

### E. Count V - Civil Conspiracy

Under Maryland law, civil conspiracy is not recognized as a cause of action; see Van Royen v. Lacey, 277 A.2d 13, 14 (Md. 1971) (stating that "[i]t would appear to be well settled law in

4

this State that a conspiracy, standing alone, is not actionable"). In Maryland, civil conspiracy is not a free-standing claim, but is dependent on a plaintiff's ability to establish the substantive claim upon which the conspiracy claim is based. In other words, a Plaintiff can utilize a civil conspiracy theory to hold a defendant liable for torts committed by co-conspirators within the scope of the conspiracy. However, a Plaintiff does not have a free standing separate cause of action against a defendant due to the defendant's membership in a conspiracy.

As stated in <u>Alleco Inc. v. Harry & Jeanette Weinberg Foundation, Inc.</u>, 665 A.2d 1038, 1045 (Md. 1995). The Court of Appeals has "consistently held that 'conspiracy' is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." <u>Id.</u> (quoting <u>Alexander v. Evander</u>, 650 A.2d 260, 265 n.6 (Md. 1994)). The court in <u>Kimball v. Harman & Burch</u>, 34 Md. 407 (1871), first explained civil conspiracy liability:

> There is no doubt of the right of a plaintiff to maintain an action on the case against several, for conspiring to do, <u>and actually doing</u>, some unlawful act to his damage. But it is equally well-established, that no such action can be maintained unless the plaintiff can show that he has in fact been aggrieved, or has sustained actual legal damage by some overt act, done in pursuance and execution of the conspiracy. It is not, therefore, for simply conspiring to do the unlawful act that the action lies. It is for doing the act itself, and the resulting actual damage to the plaintiff, that afford the ground of the action.

<u>Id.</u> at 409-11 (citation omitted).

The Court will dismiss Count V since it does not state a claim upon which the Defendants can recover. However, the Court is not prohibiting the Plaintiff from proceeding on a conspiracy theory with regard to any Plaintiff's alleged liability on any remaining claim.

### F.   Count VI - Conversion

As discussed at the hearing, a claim that there is a right to an award of money damages, even for misappropriation of a sum of money, is not a conversion claim. A conversion claim could lie as to money only if there were a claim for specific tangible coins or currency. There is, however, an adequately pleaded claim for conversion of physical assets.

Accordingly, the claim in Count VI with regard to "cash"[2] shall be dismissed but the remaining claims therein shall not be dismissed.

### G.   Counts VII & VIII - Unjust Enrichment and Constructive Trust

As discussed at the hearing, these Counts set forth alternative theories upon which Defendants contend they may prevail on certain of the claims presented in other Counts. There is no reason to retain these as separate Counts.

Accordingly, Counts VII and VIII shall be dismissed without prejudice to the ability of Defendants to present unjust

---

[2]   ¶ 198.

6

enrichment and constructive trust contentions in regard to any or all of the remaining Counts.

### H. Count IX - Accounting

As discussed at the hearing, this Count presents an equitable remedy that is largely, if not completely, dependent upon a jury's factual findings with regard to the legal claims.

Accordingly, Count IX shall not be dismissed.

### I. Count X - Storage Leases

As discussed at the hearing, this claim must be arbitrated and shall be dismissed without prejudice to the right of Defendants to proceed with arbitration.

### J. Count XI - Reece Note

As discussed at the hearing, this Count shall not be dismissed.

### K. Count XII[3] - Equipment Lease

As discussed at the hearing, this claim must be arbitrated and shall be dismissed without prejudice to the right of Defendants to proceed with arbitration.

## IV. CONCLUSION

---

[3] Mislabeled as "IX" in the Counterclaim

7

For the foregoing reasons:

1.  Counter-Defendants' Motion to Dismiss Counterclaim [Document 55] is GRANTED IN PART.

2.  Count I is not dismissed.

3.  Count II is not dismissed.

4.  Count III is dismissed without prejudice to the ability of Defendants to assert "constructive fraud" theories in support of the fraud claim in Count II.

5.  Count IV is not dismissed.

6.  Count V is dismissed without prejudice to Defendants' proceeding on a conspiracy theory with regard to any Plaintiff's alleged liability on any remaining claim.

7.  The claim in Count VI with regard to "cash"[4] is dismissed and the remaining claims therein are not dismissed.

8.  Counts VII and VIII shall be dismissed without prejudice to the ability of Defendants to present unjust enrichment and constructive trust contentions in regard to any or all of the remaining Counts.

9.  Count IX is not dismissed.

10. Count X is dismissed without prejudice to the right to proceed with arbitration.

11. Count XI is not dismissed.

---

[4] ¶ 198.

12. Count XII [IX] is dismissed without prejudice to the right to proceed with arbitration.

SO ORDERED on <u>Thursday, October 16, 2008</u>.

___/ s /___<br>
Marvin J. Garbis<br>
United States District Judge