```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

SIGNATURE HOMES, LLC, et al.  *

       Plaintiffs         *

       vs.                *     CIVIL ACTION NO. MJG-07-1908

BRANDON P. REECE, et al.      *

       Defendants         *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER
## RE: SUMMARY JUDGMENT (DEFENDANT WALKER)

The Court has before it Defendant Walker's Motion for Summary Judgment [Document 57] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel. The following is presented to supplement the statements of reasons set forth on the record of the hearing on the instant motion.

Starting in about 2004, Kevin Bell ("Bell") and Defendant Brandon Reece ("Reece") engaged in the development of property in Allegany County, Maryland, through various entities in which they were equal interest partners, including Signature Homes, LLC. ("Signature"). Basically, the agreement was that Bell would provide financial and accounting services and Reece would provide construction services. Reece served as the managing member of Signature Homes, controlling its daily operations until he resigned in November 2006.

On February 20, 2007, Defendant Leslie Walker sued Frostburg Associates LLC ("Frostburg") in state court asserting a mechanics

lien for $14,000 of services provided to Frostburg ["the Mechanics Lien Case"]. On July 18, 2007, Plaintiffs Signature Homes and BG Realty, LLC, brought this action asserting that Defendant Leslie Walker ("Walker) and other Defendants committed various actionable torts under state law and asserting claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.  As pertinent herein, the Complaint asserts that Defendant Walker improperly received payments totaling $433,403.

> ¶ 164. From February 2005 through October, 2006, Mr. Reece, ARR and the Disloyal Employees caused Signature Homes to make payments to the Walkers totaling $202,426 without any invoice backup or proper explanation of the purpose of these payments.
>
> ¶ 165. From February 2005 through October, 2006, Mr. Reece, ARR and the Disloyal Employees caused Signature Homes to make payments to the Walkers totaling $230,977 without the customary invoice detail or full explanation of the purpose of these payments.

Complaint ¶ 164-65.

In the course of the Mechanics Lien Case, Frostburg asserted at some point, as a defense, offset or counterclaim, allegations relating to the same payments referred to in § 164-65 of the Complaint.  Thereafter, Frostburg entered into a consent judgment whereby Defendant Walker recovered the $14,000 claimed in the Mechanics Lien case.

By the instant motion, Defendant Walker contends that the actions of Frostburg in the Mechanics Lien case foreclose

2

Plaintiffs herein from pursuing the $433,403 of claims against him as detailed in ¶ 164-65 of the Complaint.

In general terms, a judgment in a prior case between the same parties (or their privies) in a currently pending case, is conclusive as to all matters that were resolved or could have bene resolved in the prior suit. E.g. <u>Alvey v. Alvey</u>, 225 Md. 386, 390 (1961).  The Court will assume, therefore, that if Frostburg and Plaintiff Signature were privies for claim foreclosures purposes, Signature could be precluded from pursuing those claims against Walker that were pursued or could have been pursued in the Mechanics Lien case.

The first problem with Defendant Walker's position is that on the current record it does not appear that Signature and Frostburg were privies for claim preclusion purposes.  The more serious problem is that even if they were privies, there would still be no preclusion of the claims based upon the payments described in ¶164-65 of the Complaint.

Ths instant Complaint, in ¶ 164-65, seeks recovery from Walker for payments made by Signature.  I appears, however, that the only claims Frostburg could properly have pursued in the Mechanics Lien case would have been claims based upon payments made by Frostburg.  Hence, it does not appear that Frostburg presented, or could properly have presented, a claim on behalf of Signature for payments made by Signature.  Accordingly, on the current record, Walker has not established a right to summary

3

judgment <u>vis-a-vis</u> Plaintiffs based upon a theory of claim preclusion.

For the foregoing reasons, Defendant Walker's Motion for Summary Judgment [Document 57] is DENIED.

SO ORDERED on <u>Friday, October 17, 2008</u>.

<u>      / s /      </u>
Marvin J. Garbis
United States District Judge